No. 9345.

THE STATE EX REL. CAMILLE E. GIRARDEY VS. O. B. STEELE, AUDITOR, ET AL.

Sections 142, 143, and 146 of the Revised Statutes relative to auctioneers must be construed together. Their true meaning is that the auditor cannot, in any case, forfeit or cancel an auctioneer's license, without the sanction or authorization of a judgment of a competent court previously rendered, and decreeing the forfeiture of such license. Under the provisions of those sections, the auditor has no authority to sit in judgment over auctioneers, touching their alleged delinquency for taxes or dues which they may owe to the State.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Burgess*, J.

B. R. *Forman* and *Albert Voorhies* for the Relator and Appellant.

S. S. *Carlisle* and *Miller & Finney* for Defendants and Appellees.

The opinion of the Court was delivered by

POCHE, J. Relator seeks by mandamus to compel the auditor to cancel an order which purports to forfeit the former's license as an auctioneer conformably to the provisions of Sections 143 and 146 of the Revised Statutes. The contention of respondent that the remedy by mandamus does not lie in such a case, finds no sanction in our laws.

The only ground on which the auditor's order can be justified in law is, that it involves the performance of a ministerial duty. It follows that any error which he may commit in the performance of such a duty may be corrected through the same coercive power or remedy which could be invoked in order to compel him to the performance of such ministerial duty.

The main contention on the merits of the application involves the assumed power of the auditor to forfeit an auctioneer's license under the provisions of Section 146, in the absence of a judgment of a competent court judicially establishing the fact that the auctioneer had, by his acts of omission or commission, made himself liable to the legal forfeiture of his license.

Sections 143 and 146 read thus:

Section 143: "No person shall act as auctioneer who is indebted to the State or any corporation for any tax as an auctioneer, or any license or commission which he has neglected to pay *after final judgment* against him therefor."

Section 146: "Any auctioneer who shall neglect to pay into the State treasury the duties required by law upon auction sales made by him, shall forfeit his license, and in case he refuses to return the same, the Auditor of Public Accounts shall give public notice in the official gazette, of the cause for which the license of the auctioneer is forfeited and that his license has been withdrawn from him."

Relator's argument is that the two sections must be construed together and the condition precedent for legal action under Sec. 143 must be understood to apply to the acts of the auditor authorized or contemplated under Section 146. His proposition is correct. A reference to Section 142 is necessary to the proper construction of Sec. 143. It reads as follows:

"Every auctioneer shall take out an annual license from the Auditor of Public Accounts authorizing him to do and perform all the business properly "belonging to an auctioneer."

Keeping in view that provision, which requires an annual renewal of his license to qualify an auctioneer, it will be at once apparent that the object and purpose of Section 143, is to impose on auctioneers the obligation of exhibiting annually a clean record as a condition of their obtaining a renewed license. Hence it is provided that an auctioneer who is a delinquent to the State or any municipal corporation for any tax, or license, or commission, does not present a clean record, and that in such cases the auditor has no authority to renew his license, or in other words, that the auctioneer shall no more act as such, but the auditor is not made the judge of the possible delinquency; his only guide is the existence of a judgment rendered against the auctioneer showing such delinquency.

It is too plain for argument that the section must refer exclusively to auctioneers who apply for a renewal of their license. Parties who have not previously been auctioneers could not be delinquent as such.

That section contemplates and provides for all the dues for which the auctioneer may possibly be indebted to the State, and therefore includes the duty on public sales required under the provisions of Section 145. It has been held in several decisions of this court that, although the duty imposed by the latter section must be paid by the person who employs the auctioneer, the latter is responsible for its collection, and will be held liable therefor even if he fails to collect the same from his employer. That liability is the *tax* referred to in Section 143. It can contemplate no other source of indebtedness on the part of the auctioneer, for the law makes him liable for no other tax as auctioneer.

But as the remedy of prohibiting auctioneers from renewing their licenses at the end of each year, might prove too dilatory to coerce them to account to the State treasurer for moneys collected by them on their sales the legislature provided the remedy in Section 146, under which a more efficient prohibition can be invoked against them, by recalling their license at any time.

It is clear that this section treats at least of one of the subjects provided for in Section 143; and that is the duty on auction sales which is spoken of as a *tax* in the last mentioned section. Section 146 is simply cumulative, and provides an additional remedy to the general prohibition contained in the previous section. The two sections should there-

State ex rel. Girardey vs. Auditor.

fore be construed together. Both provisions are taken from Act 104 of 1855.

The question therefore suggests itself, if the auditor cannot justify his refusal to issue a license to an auctioneer for grounds of delinquency, without the sanction or authority of a judgment, did or could the law making power contemplate to grant him the greater power, that is, the authority to cancel and recall a license already granted under legal authority, without the sanction of a judgment?

Could he be made the judge of the condition of things in one section, and not in the other? Reason and law both join in a negative answer.

A careful analysis of Section 146 shows that the law therein does not vest the auditor with the power to declare the forfeiture. His duty is to publish the fact of the forfeiture and the reasons therefor. We hold that the forfeiture can emanate from the judiciary alone.

In his published order the auditor states that a judgment had been rendered against the relator, but this is conceded to be an error; and it is admitted that his action was not based or predicated on a judgment previously rendered, his contention being that such a judgment is not required or necessary, because not enacted under the terms of the section.

The conclusion appears irresistible that his course cannot be sustained, and that the relator is consequently entitled to his relief under the application for mandamus. Under these views of the case, we pretermit a discussion of the other points raised by relator.

The judgment herein appealed from is therefore reversed; and it is now ordered and decreed that the act of O. B. Steele, auditor, purporting to declare the forfeiture of C. E. Girardey's license as auctioneer, be annulled and set aside, and that a peremptory mandamus issue directed to said auditor, ordering him to give due publication in the State Gazette of the revocation of his order aforesaid, and that relator recover his costs in both courts.

## SEPARATE OPINION.

FENNER, J. I am compelled to differ from my brethren in the solution of the question on which the decree reversing the judgment appealed from is based.

Section 143 of the Revised Statutes lays down a general rule applicable to all taxes, licenses and commissions, of whatever character, due by auctioneers, whether to the State or any municipal corporation, declaring that no auctioneer shall act as such who fails to pay any of such dues after final judgment.

Then follows Section 145, prescribing a particular duty upon sales to be paid to the State.

This is followed by Art. 146, an independent provision applicable to this duty alone just prescribed, and declaring that the mere neglect to pay such duty shall, of itself, operate the forfeiture of license, and requiring the auditor to proceed as therein directed. I can discover no warrant to insert in this separate and independent section, the condition of prior judgment which the legislature has omitted therefrom. Taken in connection with the elaborate provisions made in the succeeding sections for the rendition of quarterly accounts of sales and duties, verified on oath, and for the payment of such duties within limited delays carefully expressed, there seems an entire lack of necessity for any judgment; because the debt should appear from the account of the auctioneer himself.

I find that, in the revenue act of 1850, the provision of Section 146 appeared unaccompanied by that of Section 143.

I merely express my opinion upon this question of statutory construction, without finding it necessary to consider other questions raised in the case, and whether a proper solution of them might or not sustain the decree.

I concur in this opinion.   R. B. TODD, J.